## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KAREN A. McKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Karen A. McKenzie, complains of Defendant, American Airlines, Inc. as follows:

## NATURE OF ACTION

This case is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §12111 *et seq.* ("ADA"). McKenzie, who was diagnosed with depression in July 2010, was released by her physician to return to work without restrictions later that month. American Airlines, however, refused to reinstate her. American Airlines discriminated against McKenzie (1) based on her disability, (2) because it regarded her as having a disability and/or (3) because she has a record of having a disability.

## JURISDICTION, PARTIES, VENUE

1. This Court has jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought pursuant to the ADA.

2. Plaintiff McKenzie is an individual who resides in this District and was employed within this District.

3. Defendant American Airlines operates from O'Hare Airport which is in this District.

4. Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because Defendant has extensive business operations in this District and because the events giving rise to the claims occurred in this District.

## PREREQUISITES UNDER THE ADA

5. On October 25, 2010, McKenzie filed a charge of discrimination with the Equal Employment Opportunity Commission alleging, in part, that she was "placed on an unpaid leave of absence and not allowed to return to work." A copy of that charge is attached hereto as Exhibit A.

6. McKenzie received a Notice of Right to Sue letter which is attached hereto as Exhibit B. This lawsuit has been filed within 90 days of McKenzie's receipt of that Notice.

## FACTS

7. On April 4, 1988, McKenzie was hired by American Airlines.

8. On July 5, 2010, McKenzie called in sick from her position as a Fleet Service Clerk. This position has various duties including loading and unloading aircraft, cleaning of the aircraft, working in the luggage room and operating the employee shuttle bus.

9. On July 6, 2010, McKenzie was hospitalized for depression.

10. On July 19, 2010, McKenzie was released by her physician to return to work without restrictions.

2

11. McKenzie was asked to provide more medical information including hospital notes and her diagnosis. She was also asked to have her physician fill out American Airlines' "Medications Safety Sensitive" form.

12. By letter dated July 21, 2010, McKenzie was notified that she was placed on a Sick Leave of Absence as of July 4, 2010.

13. On July 19, 2010, McKenzie attempted to return to work at O'Hare Airport. However, she was sent home pending written clearance by the American Airlines Medical Department.

14. As of July 22, 2010, McKenzie had complied with all requests for medical information.

15. Nevertheless, American Airlines refused McKenzie's repeated requests to go back to work.

16. By letter dated November 15, 2010, McKenzie received a letter that she was required to submit medical documentation to the Medical Department by November 23, 2010.

17. By letter dated November 29, 2010, McKenzie received a letter from the Director, Occupational Health Services Department of American Airlines that she needed to submit by December 14, 2010, a Medical Substantiation Requirement Form.

18. On or about December 14, 2010, McKenzie submitted the form with a statement from her physician that she could return to work immediately.

19. McKenzie again made repeated attempts to return to work.

20. On January 18, 2011, McKenzie received a voice mail message from her supervisor, Sarah Weis, that the Medical Department had cleared McKenzie to return to work. McKenzie,

3

however, received nothing in writing from the Medical Department stating that she was eligible to go back to work. Without written clearance from the Medical Department McKenzie was ineligible to return to work.

21. By letter dated March 29, 2011, McKenzie received a letter from Weis stating that the Medical Department had cleared her to return to work and that she should report to work. McKenzie, however, still had received nothing in writing from the Medical Department stating that she was eligible to go back to work. Consequently, she did not return to work.

22. By letter dated April 21, 2011, McKenzie received a letter from Weis stating that the Medical Department had cleared her to return to work and that she should report to work and that McKenzie would need to bid on a Fleet Service Clerk position. McKenzie, however, still had received nothing in writing from the Medical Department stating that she was eligible to return to work.

23. As instructed, McKenzie bid a shift for this position successfully.

24. However, the Medical Department still had not provided McKenzie with paperwork that she was eligible to return to work.

25. By letter dated June 1, 2011, McKenzie was informed that she was still on an unpaid leave of absence.

26. By letter dated July 1, 2011, Weis ordered McKenzie to report to the Training Department on July 5, 2011. McKenzie did not report because she still had not receive written clearance from the American Airlines Medical Department.

27. However, by a notice dated July 6, 2011, the Medical Department again extended McKenzie's leave of absence to January 13, 2012.

4

29. Effective July 11, 2011, McKenzie's employment with American Airlines was terminated for her alleged failure to report to work.

30. McKenzie has still not received any documentation from the American Airlines Medical Department that she is eligible to return to work.

31. American Airlines did not allow McKenzie to return to work based on her disability of depression.

32. Alternatively, American Airlines did not allow McKenzie to return to work because she was regarded as having a disability.

33. Alternatively, American Airlines did not allow McKenzie to return to work because she had a record of having a disability.

34. American Airlines has violated the ADA.

35. McKenzie has been damaged based on American Airlines' violation of the ADA.

WHEREFORE, Plaintiff, Karen A. McKenzie respectfully requests that this Court grant the following relief against Defendant, American Airlines:

A. Backpay including all benefits;

B. Reinstatement of her employment with American Airlines;

C. Compensatory damages for emotional distress;

D. Punitive damages; and

E. Attorneys' fees and costs.

5

Plaintiff demands trial by jury.

Dated: <u>September 22, 2011</u>

Respectfully submitted,

<u>/s/ Ronald B. Schwartz</u>
One of the Attorneys for Plaintiff

<u>rschwartz@kfeej.com</u>

Ronald B. Schwartz
Stanley Eisenstein
Katz, Friedman, Eagle, Eisenstein, Johnson & Bareck, P.C.
77 West Washington St., 20th Floor
Chicago, Illinois  60602
(312) 263-6330
(312) 372-5555 fax

L:\_RBS\_CLIENT\McKenzie, Karen\Pleadings\Complaint.wpd

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 440-2011-00454 |

| | | |
|---|---|---|
| **Illinois Department Of Human Rights** | | and EEOC |
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Karen A. McKenzie** | **(312) 593-0898** | **09-20-1964** |

| Street Address | City, State and ZIP Code |
|---|---|
| **15701 East End Ave., Dolton, IL 60419** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **AMERICAN AIRLINES INC** | **500 or More** | **(773) 686-4061** |

| Street Address | City, State and ZIP Code |
|---|---|
| **Chicago O'Hare Intl Airport, P.O. Box 66065, Chicago, IL 60666** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN <br> ☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION <br> ☐ OTHER *(Specify)* | Earliest / Latest **07-01-2010** <br> ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on or around April 4, 1988. My most recent position is Fleet Service Clerk. I informed Respondent of my disability. Subsequently, I have been placed on an unpaid leave of absence and not allowed to return to work.

I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC

OCT 2 5 2010

CHICAGO DISTRICT OFFICE

EXHIBIT
tabbies
A

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| Oct 25, 2010 *Karen A McKenzie* <br> Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Karen A. McKenzie**<br>**15701 East End Avenue**<br>**Dolton, IL 60419**<br><br>**CERTIFIED MAIL  7011 0110 0001 8772 4042** | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2011-00454 | **Gregory T. Mucha,**<br>**Investigator** | **(312) 869-8135** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| [X] | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*John P. Rowe*
**John P. Rowe,**
**District Director**

*June 24, 2011*
*(Date Mailed)*

cc:  **AMERICAN AIRLINES**

**EXHIBIT**
**B**